Mr. C. Raymond Clark Acting Deputy Treasurer Department of the Treasury State of Colorado 140 State Capitol Denver, Colorado 80203
Dear Mr. Clark:
This letter is another in a series of responses to questions you have posed concerning the operation of the state treasury.
QUESTION PRESENTED AND CONCLUSION
In question 1 of your letter of August 5, 1977 you inquire whether the treasurer has authority to continue a practice whereby upon the formal written request of the state controller, the treasurer will issue "treasurer's checks" in order to disburse some moneys. You state that when this practice is followed a warrant is ultimately issued to clear the treasurer's account.
 In response to your specific question, the treasurer may, without a warrant, draw checks on his accounts with depository banks to meet contractual obligations for payment for investments for the Public Employees Retirement Fund and the State Compensation Insurance Fund.
ANALYSIS
You state that C.R.S. 1973, 24-30-202(5)(a) requires that "no money be disbursed from the treasury except by warrant through the Central Accounting System." However that statement is not an accurate summary of the provisions of that statute. C.R.S. 1973,24-30-202(5)(a), as amended by S.B. 151, states as follows:
 (5)(a) No money of the state or for which the state is responsible shall be withdrawn from the treasury or otherwise disbursed for any purposes except to pay obligations under expenditures authorized by appropriation and allotment and not in excess of the amount so authorized. Each such expenditure shall have been authorized by the head of the department, institution, or other agency by or for which the expenditure was made. Such authorization shall contain the manual or facsimile signature of the head of the department, institution, or agency or any assistant designated by him. The controller, or his authorized agent, shall have approved a commitment voucher therefor and a claim on a prescribed form shall have been submitted to and approved by the controller or his agent. The provisions of this section shall not be construed to apply to withdrawals of funds from any state depository banks for immediate redeposit in any other state depository bank or for investment.
(Emphasis added.)
C.R.S. 1973, 24-30-202(6) authorizes the controller to prescribe the form of warrants to be drawn upon the treasurer and subsection (7) establishes that the signature of the controller on a warrant "shall constitute full and complete authority to the state treasurer to pay the amount thereof upon presentation to him."
These statutory provisions establish that prior to disbursement from the state treasury of state moneys for which the state is responsible, the state controller must have approved a commitment voucher. There is no explicit requirement that a warrant must have been drawn prior to disbursement. Note however that the treasurer is absolved from liability for disbursing moneys so long as he has obtained the signature of the controller on a warrant authorizing the particular disbursement.
When funds are withdrawn from any state depository bank for immediate redeposit in another state depository bank or for investment, there is no requirement that the state controller have first approved a commitment voucher. This explicit exception permits the treasurer to disburse funds on deposit to pay for investments held in the Public Employees Retirement Fund and the State Compensation Insurance Fund.
C.R.S. 1973, 24-36-104 requires the treasurer to promptly deposit all moneys received in designated national or state depository banks, "and withdrawals therefrom shall be made by checks or drafts drawn and signed in such manner as the state treasurer shall direct."
You have not described the "treasurer's checks" to which you refer. If you are referring to checks drawn by the treasurer on accounts with depository banks, then such checks are authorized by C.R.S. 1973, 24-36-104. If you are referring to some other type of instrument, then I am not aware of any statutory authority for the issuance of such instruments.
While there is no specific requirement that the treasurer must have a warrant prior to disbursing funds from the treasury, the treasurer can best protect himself against potential liability by requiring a warrant except for these circumstances discussed above where funds on deposit are transferred or disbursed for investment.
Subsection (20) of C.R.S. 1973, 24-30-202 provides a specific emergency exception to the requirement of a commitment voucher. That provision only permits the controller to allow a state department, institution, or agency to draw upon its appropriation or appropriate fund "a sum not to exceed one hundred dollars to be used for the payment of emergency and incidental expenses." The existence of this one explicit exception in the statute strongly suggests that the statute be construed so as to permit no other exceptions for "emergencies."
In response to your specific question, the treasurer may, without a warrant, draw checks on his accounts with depository banks to meet contractual obligations for payment of investments for the Public Employees Retirement Fund and the State Compensation Insurance Fund.
Since your letter merely outlined the practice with which you are concerned, this reply may raise additional questions about matters not discussed in your letter. If you have additional questions please do not hesitate to write the undersigned.
SUMMARY
The state treasurer may, without a warrant, draw checks to meet contractual obligations of payments for investments.
FOR THE ATTORNEY GENERAL
 RICHARD H. FORMAN Assistant Attorney General General Legal Services Section
 SINCE ITS ISSUANCE THIS OPINION LETTER WAS ADOPTED AS A FORMAL OPINION OF THE ATTORNEY GENERAL BY ATTORNEY GENERAL J.D. MacFARLANE
TREASURER, STATE WARRANTS PUBLIC FUNDS
C.R.S. 1973, 24-30-202
TREASURY, DEPT. OF All Other Areas LEGISLATIVE BRANCH Auditor, Office of State
The state treasurer may, without a warrant, draw checks to meet the contractual obligations of payments for investments.